IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MIELOSZYK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-01237-RJD |
| | ) |
| LT. MCBRIDE, | ) |
| LIEUTENANT BAKER, | ) |
| C/O FREEMAN, and | ) |
| C/O HAWK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**[1]

Plaintiff Steven Mieloszyk filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that on November 15, 2017, officials at Pinckneyville Correctional Center ("Pinckneyville") transported him in a vehicle that was not wheelchair accessible, violating his rights under the Eighth Amendment and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Although Plaintiff's claims pertain to his incarceration at Pinckneyville, he was not in custody at the time he filed his Complaint.[2] He is requesting injunctive relief and money damages.

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

[2] The determination of a plaintiff's status as a prisoner or non-prisoner must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Although Plaintiff's pleadings appear to have been drafted while he was in custody, at the time of filing he was living in a personal residence.

1

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP Motion") (Doc. 2) and to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B).[3]

## MOTION TO PROCEED *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at that time. 28 U.S.C. § 1915(a)(1). Although a plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Although Plaintiff is treated as a non-prisoner for purposes of this inquiry, he has submitted the form used by prisoners for seeking *in forma pauperis* status. That form contains only some of the information the Court needs to assess Plaintiff's financial circumstances. Importantly, while the form asks questions about Plaintiff's employment, income, dependents, and assets, it is focused on those matters as they stood while he was incarcerated. If things have changed since his release, Plaintiff has not reported them.

---

[3] Because Plaintiff was not incarcerated at the time of filing, he is not subject to the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A.

Nevertheless, the Court will accept from Plaintiff's submissions that he is disabled and has no assets or employment. On those averments, the Court will grant him leave to proceed *in forma pauperis*.

## SCREENING

### Screening Standard

Notwithstanding the finding of indigence, the Court must dismiss any complaint or portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

### The Complaint

Plaintiff alleges that he is disabled and depends on a wheelchair for mobility. According to Plaintiff, on November 15, 2017, he was transported from Pinckneyville to Dixon, Illinois on a court writ in a vehicle that was not wheelchair accessible. As a result, Plaintiff had to get out of his wheelchair and crawl on his hands and knees to get into the vehicle. Plaintiff claims that this violated his rights under the ADA. Plaintiff does not associate these allegations with any particular defendant, and none of the defendants identified in the case caption are mentioned in the body of the Complaint.

Based on the allegations in the Complaint, the Court finds it convenient to designate the following two Counts:

>**Count 1:** Eighth Amendment claim for exhibiting deliberate indifference to Plaintiff's serious medical condition.
>
>**Count 2:** Claim under the ADA and/or Rehabilitation Act ("RA")[4] for failing to transport Plaintiff in a wheelchair accessible vehicle.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[5] pleading standard.

**Discussion**

*Count 1*

The allegations in Count 1 are not associated with any specific individuals or defendants. Absent this information, Plaintiff has failed to allege personal involvement as to any defendant that is sufficient to state a claim for deliberate indifference. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). *See also Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Additionally, without identifying who is responsible for the alleged violation, the Complaint does not provide the type of notice contemplated under Rule 8. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Accordingly, Count 1 will be dismissed without prejudice for failure to state a claim.

---

[4] Plaintiff pursues relief under the ADA; he does not mention the RA. But courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when the plaintiff is proceeding *pro se. See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted). A claim under the Rehabilitation Act is functionally identical to a claim under the ADA. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

[5] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

*Count 2*

Plaintiff has not named a proper defendant with respect to Count 2. The proper defendant with respect to ADA and RA claims is the agency, in this case the Illinois Department of Corrections ("IDOC"), or its director (in his official capacity). *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 n.2 (7th Cir. 2012). Normally, the Court would correct this mistake on Plaintiff's behalf by directing the Clerk to add an appropriate official capacity defendant to the docket. As is explained below, however, even if Plaintiff had named a proper defendant, his ADA and/or RA claim would fail.

Because Plaintiff is no longer incarcerated, he is limited to seeking compensatory damages. *See Pearson v. Welborn,* 471 F.3d 732, 743 (7th Cir.2006). To state a claim for compensatory damages under the ADA or RA, Plaintiff must allege that IDOC, through its employees, acted with deliberate indifference. *See Lacy v. Cook Cty., Illinois,* 897 F.3d 847, 862-63 (7th Cir. 2018). Plaintiff, however, has failed to allege that any defendant acted with deliberate indifference because his claims are not associated with any particular individual. Absent such allegations, Plaintiff has failed to state a claim for compensatory damages under the ADA or RA. Accordingly, Count 2 will be dismissed without prejudice for failure to state a claim.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before

**August 3, 2020.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01237-RJD). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915(e).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 2, 2020**

*s/  Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**