IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MIELOSZYK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-01237-RJD |
| | ) |
| LIEUTENANT MCBRIDE, | ) |
| LIEUTENANT BAKER, | ) |
| C/O FREEMAN, and | ) |
| C/O HAWK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:** [1]

Plaintiff Steven Mieloszyk filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*. Plaintiff's Complaint was dismissed for failure to state a claim for relief. (Doc. 9). He was granted leave to file a First Amended Complaint, which is now before the Court for review under 28 U.S.C. § 1915(e)(2)(B).[2] Any portion of a complaint that is legally

---

[1] The Court has jurisdiction to screen Plaintiff's First Amended Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

[2] Although Plaintiff's claims pertain to his incarceration at Pinckneyville, he was not in custody at the time he filed this lawsuit. The determination of a plaintiff's status as a prisoner or non-prisoner must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Because Plaintiff was not incarcerated at the time of filing, he is not subject to the provisions of 28 U.S.C. § 1915A. He is, however, subject to the provisions of 28 U.S.C. §1915(e)(2)(B) because he is proceeding *in forma pauperis*.

frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

## The First Amended Complaint

Plaintiff makes the following allegations in his First Amended Complaint (Doc. 12): Plaintiff is disabled and depends on a wheelchair for mobility. On November 15, 2017, he was transported from Pinckneyville to Dixon, Illinois on a court writ in a vehicle that was not wheelchair accessible. Lt. McBride and Lt. Baker ordered him out to get out of his chair and into the vehicle. He had to crawl on his hands and knees to get into the vehicle. As he crawled, stones became embedded in the palms of his hands and he injured his back.

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following claims:

Count 1: Eighth Amendment claim against Defendants for denying Plaintiff assistance and forcing him to board the transport vehicle, which was not wheelchair accessible, by crawling on the ground.

Count 2: ADA and/or RA claim for failing to transport Plaintiff in a wheelchair accessible vehicle.

Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face."

## Preliminary Dismissals

Plaintiff names C/O Freeman and C/O Hawk as defendants, but there are no allegations against these individuals in the statement of claim.[3] Under Federal Rule of Civil Procedure 8, the complaint must include a short, plain statement of the case against each individual. *See* FED. R. CIV. P. 8(a)(2). Merely naming a party in the caption of a complaint is not enough to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a claim under Section 1983 Plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Accordingly, without any allegations against C/O Freeman and C/O Hawk, Plaintiff fails to state a claim against them and they will be dismissed.

## Discussion

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from

---

[3] In the list of Defendants, Plaintiff includes the remark "witnessed these allegations" under the names of C/O Freeman and C/O Hank. This vague allegation is not sufficient to implicate their involvement in a constitutional violation. *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

3

being subjected to cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Forcing an inmate who is disabled and depends on a wheelchair for mobility to crawl on the ground across rocks to get in a transport vehicle may constitute the wanton infliction of pain sufficient to violate the Eighth Amendment. Accordingly, the claim in Count 1 will proceed against Lt. McBride and Lt. Baker.

**Count 2**

Plaintiff has not named a proper defendant with respect to Count 2. This claim cannot proceed against the individual defendants because individual employees of IDOC cannot be sued under the ADA or RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Normally, the Court would correct this mistake on Plaintiff's behalf by directing the Clerk to add an appropriate official capacity defendant to the docket. As is explained below, however, even if Plaintiff had named a proper defendant, his ADA and/or RA claim would fail.

A claim under either Title II of the ADA or the RA requires the plaintiff to prove that he suffers from a disability as defined in the statutes; that he was denied the benefits

4

of the services, programs, or activities of a public entity, or otherwise subjected to discrimination by such an entity; and that the denial or discrimination was by reason of his disability. 42 U.S.C. § 12132; *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). The analysis under the ADA and RA is the same, except that the RA includes as an additional element the receipt of federal funds, which all states accept for their prisons. *Wagner*, 778 F.3d at 592 (citing *Jaros.*, 684 F.3d at 671-72) (citing 29 U.S.C. § 705(2)(B)).

In a prison setting, access to meals and certain housing facilities, including showers, toilets and sinks, are among the programs and activities protected by the ADA and the RA. *Jaros*, 684 F.3d at 672; s*ee also Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 916 (N.D. Ill. 2010); *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998). Here, the allegations suggest that Plaintiff is a qualified individual with a disability, given that he relies on the use of a wheelchair. Plaintiff does not allege, however, that the failure to transport him in a wheelchair-ready van denied him access to any services or programs. While his allegations are disconcerting, they do not support an ADA or RA claim. *See Waggoner*, 778 F.3d at 593 (holding prison officials did not violate ADA or RA as a result of their failure to provide inmate with wheelchair-ready van, despite allegation that inmate was inconvenienced with longer waits and humiliation because he had to crawl off regular van because it did not accommodate his wheelchair, where the inmate did not assert that he was denied access to some programs and activities). Accordingly, Count 2 will be dismissed without prejudice for failure to state a claim.

**Disposition**

Count 1 will proceed against Lt. McBride and Lt. Baker. Count 2 is **DISMISSED** without prejudice. C/O Freeman and C/O Hawk are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants in this action.

The Clerk of Court shall prepare for Lt. McBride and Lt. Baker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants only need to

respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: November 4, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions and to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.